United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SHELLY WIENKE,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERHOME MORTGAGE COMPANY, et al,<br><br>    Defendants.<br>_____/ | No. C 10-CV-05943 NJV<br><br>ORDER RE DEFENDANT EVERHOME MORTGAGE CORPORATION'S MOTION TO DISMISS  (Doc. No. 4) |

This is a civil action relating to the foreclosure of the lien of a deed of trust encumbering real property in Clearlake, California.  The action was originally filed in Superior Court of California, County of Lake - Lakeport Division, and was removed to this court by Defendant Everhome Mortgage Company ("Everhome") on December 28, 2010.  The case is presently before the Court on Everhome's motion to dismiss.  Plaintiff opposes the motion.  The Court will grant the motion in part.

**I. JURISDICTION**

This complaint alleges violations of various federal statutes, including the Federal Truth in Lending Act ("TILA") (15 U.S.C. § 1601 *et seq*.) with the TILA's corresponding Regulation Z (24 C.F.R. §§ 3500.1 - 3500.17), along with several state law causes of action. This action was properly removed to this court pursuant to 28 U.S.C. § 1441, as a case over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. §1331.

//

## II. BACKGROUND

On May 25, 2007, Plaintiff executed a promissory note ("Note") for $179,000.00 secured by a deed of trust ("DOT") encumbering the real property located at 3780 Mendocino Street, Clear Lake, California, ("the property"), which was recorded on June 1, 2007. Request for Judicial Notice ("RJN"), Exh. 1. The DOT identified Wienke as the borrower, AmTrust Bank as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." *Id*., p. 1.

On July 22, 2010, MERS, as beneficiary under the DOT, executed an assignment of deed of trust, recorded on September 15, 2010, transferring the DOT and Note to Everhome. RJN, Exh. 2. Everhome executed a substitution of trustee naming MTC Financial Inc. dba Trust Corps as the new Trustee on July 22, 2010. *Id*., Exh. 3. The substitution of trustee was recorded on October 27, 2010. *Id*.

On July 26, 2010, Trustee Corps recorded a notice of default and election to sell under deed of trust ("NOD"). RJN, Exh. 4. The NOD shows that Plaintiff was in default on loan payments that were due and payable on and after July 22, 2010. *Id*., Exh. 4, p. 1. Attached to the NOD is a "Beneficiary Declaration of Compliance with (or Exception from) Civil Code § 2923.5 and Authorization of Agent (for Notice of Default)" ("Beneficiary Declaration") dated July 14, 2010. *Id*., p. 3. The Beneficiary Declaration states that "the beneficiary or beneficiary's authorized agent has contacted the borrower pursuant to, and has complied with, Civil Code § 2923.5(a)(2) (contact provision to 'access the borrower's financial situation and explore options for the borrower to avoid foreclosure')." *Id*.

On October 27, 2010, Trustee Corps. recorded a Notice of Trustee's Sale ("NOTS") setting a sale date of November 22, 2010. RJN, Exh. 5.

On November 18, 2010, Wienke filed her verified complaint for damages in the Lake County Superior Court along with an ex parte application for temporary restraining order/order to show cause prohibiting sale of subject real property. The Superior Court issued an order to show cause ("OSC") and temporary restraining order on the same day, setting a hearing on the OSC for December 27, 2010. Everhome removed the complaint to this court before the hearing took place

and now brings the present motion to dismiss, along with a request for judicial notice of several documents. Everhome's request for judicial notice is granted. (Doc. No. 5.)

### III. LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Rule 12(b)(6), Federal Rules of Civil Procedure. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

### IV. DISCUSSION

**A.     First Cause of Action**

In her first cause of action, Plaintiff alleges violations of the California Foreclosure Prevention Act, Civil Code Section 2923.52, *et seq.* Plaintiff relies on an unidentified provision which she claims requires a declaration, attesting under penalty of perjury that "[t]he mortgagee, beneficiary or authorized agent has tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as

3

required by Cal.Civ.Code Section 2923.5." Plaintiff claims that Defendants have never attempted to comply with the terms of Civil Code Section 2923.5, *et seq*, and that each Defendant has failed to confer with her as required under the Civil Code. Plaintiff further alleges, without explanation, that in failing to confer with her, Defendants violated Civil Code Sections 2923.52, 2923.54, and 2924(b). Plaintiff alleges that she has thereby suffered damages in an amount to be determined at trial. She also alleges that the violations justify the issuance of a temporary restraining order and preliminary injunction to preserve the *status quo* during the pendency of these proceedings.

Everhome moves to dismiss this cause of action, claiming that it does not state a claim for which relief can be granted for six reasons. First, Everhome claims that the sale is exempt, because Everhome obtained a temporary exemption on December 21, 2009, and a permanent exemption on January 7, 2010, from the Department of Corporations pursuant to Section 2923.53. Everhome asserts, and the Court takes judicial notice, of the fact that this was expressly stated in the NOTS. RJN, Exh. 5, p.2.

Second, Everhome claims that it would be impossible to predicate liability on an alleged violation of Civil Code Sections 2923.52, 2923.54, or 2924(b) even if it were not exempt. Everhome cites *Vuki v. Superior Court*, 189 Cal.App. 4th 791, 794 (2010), in which the California Court of Appeal found that "neither section 2923.52 nor section 2923.53 provides any private right of action, even a very limited one as this court found in *Mabry*." *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 214 (2010) (finding that Section 2923.5 may be enforced by a private right of action).

Third, Everhome claims that the NOD does contain a declaration that the beneficiary or beneficiary's agent has contacted the borrower pursuant to, and has complied with, Civil Code Section 2923.5(a)(2). RJN, Exh. 4, p. 3. The statute does not require a sworn declaration. *Mabry v. Superior Court*, 185 Cal.App. 4th at 235 ("The idea that this 'declaration' must be made under oath must be rejected.").

Fourth, Everhome claims that the complaint contradicts Plaintiff's allegation that Everhome "never attempted to comply with the terms of Civil Code Section 2923.52, et seq." by admitting that

4

1 she discussed her financial situation with Everhome and explored options to avoid foreclosure in
2 October 2009 and August 2010.  Complaint, p. 5-6, ¶ 15a, g).

3      Fifth, Everhome argues that several courts have found that a borrower such as Plaintiff lacks
4 the right to sue for an alleged violation of Civil Code Section 2923.5.  Everhome cites, among other
5 cases, *Gaitan v. Mortg. Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 97117 (C.D. Cal. Oct. 5,
6 2009), in which the court held:

7      Section 2923.5 contains no language that indicates any intent whatsoever to
  create a private right of action.  As such, the Court concludes that section 2923.5 does
8   not contain such a right, and that amendment of the claim would be futile.

9 It is undisputed, however, that other courts have found to the contrary.  *See Ortiz v. Accredited*
10 *Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1166 (S.D. Cal. 2009); *Mabry v. Superior Court,* 185
11 Cal.App. 208 (2010)

12      Sixth, Everhome argues that "[a] valid and viable tender of payment of the indebtedness
13 owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American*
14 *Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1971).  *See United States Cold Storage v. Great W.*
15 *Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1222-1223 (1985) ("[T]he law is long-established that a
16 trustor or his successor must tender the obligation in full as a prerequisite to challenge of the
17 foreclosure sale."

18      In her opposition, Plaintiff admits that the NOD did include a declaration stating  that
19 Everhome had attempted with due diligence to contact the borrower to discuss the borrower's
20 financial situation and to explore options for the borrow to avoid foreclosure.  As Everhome argues
21 in its reply, the declaration tracks the language of Section 2923.5(c)(1), and is signed under penalty
22 of perjury.  In light of this, the court finds it unnecessary to reach Everhome's additional arguments,
23 and must conclude that Plaintiff's first cause of action based on the violation of the declaration
24 requirement under Section 2923.5 must be dismissed with prejudice for failure to state a claim upon
25 which relief can be granted.

26      Plaintiff provides no explanation as to how any of the other Civil Code sections she cites
27 could support a private cause of action.  Plaintiff's claims based on Civil Code Sections 2923.52,
28 2923.54, and 2924(b) will thus be dismissed without prejudice to Plaintiff's right to file an amended

*(Left margin: United States District Court / For the Northern District of California)*

complaint reasserting her claims under those sections, should Plaintiff be able to demonstrate the existence of a private cause of action based thereon.

**B.      Second Cause of Action**

In her second cause of action, Plaintiff alleges that this consumer credit transaction was subject to her right of rescission under TILA and Regulation Z.  Plaintiff claims that Defendants violated 15 U.S.C. Section 1635 and Regulation Z 226.23 (12 C.F.R. § 226.23) by failing to deliver to Plaintiff two copies of the notice of the right to rescind which identified the transaction, clearly disclosed the security interests in Plaintiff's "dwelling," clearly and conspicuously disclosed her right to rescind the transaction, clearly and conspicuously disclosed how to exercise the right to rescind the transaction, clearly and conspicuously disclosed the effects of rescission, and clearly and conspicuously disclosed the date the rescission date expired.  Plaintiff also claims that Defendants failed to properly deliver notice of all material disclosures.

Plaintiff claims that borrowers retain a continuing right to rescind a loan transaction until the third business day after the receipt of both the notice of the right to rescind and the notice of all material disclosures. Plaintiff thus alleges that as a result of the alleged violations of the TILA and Regulation Z, she is entitled to rescind the loan transaction, and is entitled to terminate any security interest in the property.  Plaintiff states that her complaint constitutes her notice of rescission with respect to the loan. In addition to the remedy of rescission, Plaintiff seeks damages, a temporary restraining order and a preliminary injunction.

Everhome moves to dismiss Plaintiff's cause of action for violation of the TILA and Regulation Z on the ground that it is barred by the statute of limitations.  "TILA provides borrowers only two remedies for disclosure violations: (1) recision, see 15 U.S.C. § 1635 and (2) damages. See 15 U.S.C. § 1640." *Eubanks v. Liberty Mortgage Banking Ltd.,* 976 F.Supp. 171, 174 (E.D.N.Y. 1997).  In regard to rescission, the Supreme Court has explained:

> The Act provides   .   .   .  that the borrower's right of rescission 'shall expire in three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made."

*Beach v. Ocwen Federal Bank*, 523 U.S. 410, 413, 118 S.Ct. 1408, 1410 (1998).

Plaintiff's loan agreement was executed on May 25, 2007, RJN, Exh. 1, and the complaint was filed in this action on November 18, 2010. As Everhome argues, this was after the three year statute of limitations for an action for rescission had expired. Further, under Section 1635(f), not only the private right of action but the underlying right of rescission itself expires after three years. *Beach,* 523 U.S. at 417. Thus, equitable tolling in inapplicable. Accordingly, the Court finds that Plaintiff's claim for rescission is barred by the statute of limitations, and will grant Everhome's motion to dismiss as to this portion of the second cause of action.

In regard to Plaintiff's claim for damages, Everhome contends that it is barred by the one-year statute of limitations contained in 15 U.S.C. Section 1640(e). That statute requires borrowers to bring their claims for damages "within one year from the date of the occurrence of the violation." 15 U.S.C. Section 1640 (e). The United States Court of Appeals for the Ninth Circuit has clarified that this period runs "from the date of consummation" of the transaction, which is generally defined as the date on which the money is loaned to the debtor. *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986), *cert. denied*, 484 U.S. 802, 108 S.Ct. 47 (1987). In the present case, the money was loaned on May 25, 2007, and the complaint was filed more than three years later. The claim for damages is thus barred by the statute of limitations. The Court will thus grant Everhome's motion to dismiss as to this portion of the second cause of action as well.

In *King v. State of California*, the Ninth Circuit found that equitable tolling "may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id*. at 915. It explained that such circumstances would involve claims of fraudulent concealment and that equitable tolling could be applied "if the general rule would be unjust or frustrate the purpose of the Act." *Id*. Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be plead with particularity.

In the present case, Plaintiff has not made the requisite claim of fraud necessary to support equitable tolling. The Court finds, however, that Plaintiff may be able to amend her complaint to do so. The court will therefore grant Everhome's motion to dismiss as to Plaintiff's second cause of

7

action and will dismiss it as barred by the statute of limitations, but will do so without prejudice and with leave to amend as to the claim for damages.

**C.     Third Cause of Action**

In her third cause of action, plaintiff alleges that Defendants have engaged in unfair business practices in violation of California Business and Professions Code Section 17200, *et seq*. Incorporating her earlier allegations, Plaintiff contends specifically that by engaging in unlawful, unfair and fraudulent business practices, including violations of TILA, HOEPA (the Home Ownership and Equity Protection Act of 1994), and Regulation Z, Defendants have engaged, and continue to engage in unlawful practices which constitute unfair competition within the meaning of Business and Professions Code Section 17200, *et seq*. Plaintiff also alleges that under the facts previously set forward, Defendants violated the California Residential Mortgage Lending Act,"Financial Code Section 50000 *et seq.,* and 10 CCR Section 1950.003 *et seq*., as well as Civil Code Sections 2923 *et seq*. Plaintiff alleges that she has suffered damages as a result of Defendants' actions.

In response, Everhome moves to dismiss the claim that Defendants violated Business and Professions Code Section 172000, *et seq.*, on two bases.  First, Everhome agues that Plaintiff's claim is a legal conclusion masquerading as a factual allegation.  Defendants cite *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1940-1941 (2009) (*citing Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 127 S.Ct. 1955), in which the United States Supreme explained as follows:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*., at 55, 127 S.Ct. 1955, 167 L.Ed.2d 929.  Second, determining wether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.  *Id*., at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929.  A court considering a motion to dismiss may begin by identifying the allegations that, because they are mere conclusions, are not entitled to the assumption of truth.

Second, Everhome argues that they were under no obligation to modify Plaintiff's loan under state or federal law, and therefore could not have violated Business and Professions Code Section 17200 by failing to do so.  The court finds that  this argument does not address Plaintiff's claim of unfair practices.

8

The Court finds merit in Everhome's first argument, concluding that it is impossible to discern which of the facts alleged in the complaint support which of the myriad statutory violations alleged in this cause of action. The court will therefore grant Everhome's motion to dismiss as to this third cause of action, but will do so without prejudice and with leave to amend.

**D.     Fourth Cause of Action**

In her fourth cause of action, Plaintiff alleges breach of contract in regard to the original deed of trust agreement between Plaintiff and Defendants. Asserting that Defendants were bound by California Civil Code Sections 2923.5 and 2924, Plaintiff claims that Defendants were contractually obligated to act in accordance with California law when initiating foreclosure on the property. Plaintiff contends that Defendants breached the contract when they initiated foreclosure proceedings on the property prior to attempting to contact Plaintiff to discuss, in good faith, Plaintiff's financial condition and explore options in avoiding foreclosure. Plaintiff claims that she thereby suffered damages.

In response, Everhome contends that this cause of action for breach of contract suffers from the same defects as the first cause of action, arguing initially that the sale is exempt from the requirements of Civil Code Section 2923.52. Second, Everhome repeats its argument that California Civil Code Sections 2923.5 and 2924 do not create a private cause of action. The court will grant Everhome's motion to dismiss as to the fourth cause of action, without prejudice to Plaintiff's right to amend should Plaintiff be able to demonstrate the existence of a private cause of action based on these Code sections.

**E.     Fifth Cause of Action**

In her fifth cause of action, Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing, citing California Civil Code Section 2923 and current practices of the mortgage industry. After making supporting factual allegations, Plaintiff claims that Defendants breached the covenant by refusing her a feasible loan modification or other workout plan even though the anticipated recovery under loan modification or workout plan would have exceed the anticipated recovery through foreclosure on a net present value basis. Plaintiff also claims that Defendants sought to take unfair advantage of their special relationship with her through misfesance,

misrepresentation and/or fraud, and by doing so, breached the covenant. Plaintiff claims that as a result of Defendants' actions, she suffered damages.

In response, Defendants correctly argue that because Plaintiff seeks tort remedies on her claim for breach of the covenant, the claim is governed and barred by the two-year statute of limitations under Code of Civil Procedure Section 339, subdivision 1. *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1336, 144, n. 4 (1990). Defendants, however, provide no discussion as to when the statute of limitations began running in this case. Plaintiff alleges in her complaint that she contacted Everhome to begin the loan modification process in October of 2009. The court therefore finds that Everhome has failed to establish that this cause of action is barred by the statute of limitations.

As with the third cause of action, Everhome argues that this cause of action is conclusory. The court rejects that argument, noting the extensive factual recitations set forth in the complaint in connection with this cause of action. The court notes Everhome's argument that nothing in 15 U.S.C. Section 1639a or California Civil Code Section 2923.6 imposes a duty on servicers of loans to modify the terms or creates a private right of action for borrowers for violation of the statute. The Court finds, however, that Defendants have not demonstrated that the duty to modify is the same as the duty of good faith and fair dealing.

Finally, Everhome argues that the relationship between a creditor and its debtor is generally arms-length, encompassing no special duties. In support of this proposition, Everhome first cites *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1093 (1991), in which a property owner sued a lending institution for negligence in the appraisal of the property used as security for a loan. *Nymark* discusses a claim of breach of fiduciary duty, noting that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Id*. No claim for breach of fiduciary duty is at issue here. Everhome also cites *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal.App.3d 726, 733 (1989), in which the court found that as parties to a commercial contract, a lender and a commercial borrower did not share a special relationship sufficient to support a claim for breach of the covenant of good faith and fair dealing. *Id*. at 732-33. Plaintiff is not a commercial borrower.

Finally, Everhome cites *Price v. Wells Fargo Bank*, 213 Cal.App. 3d 465, 476 (1989), which at the point cite provided by Everhome addresses the issue of fiduciary duty as well. However, later in the opinion, the Court of Appeal explains as follows:

> Appellants here argue that Wells Fargo breached the implied covenant by taking a "hard line" in repayment negotiations. In particular, they rely on the testimony of John Richards, an expert witness of Wells Fargo, who conceded that, in his opinion, Pamela Bogle was not justified in publishing a notice of foreclosure sale after having received a $90,000 payment on June 10, 1985. The necessary implication of appellants' argument is that the bank owed them a duty of reasonable forebearance in enforcing its creditor's remedies. They do not, however, cite any authority supporting this proposition, and we are aware of none. Contracts are enforceable at law according to their terms. The covenant of good faith and fair dealing operates as "'a kind of "safety valve" to which judges may turn to fill gaps and qualify or limit rights and duties otherwise arising under rules of law and specific contract language.'" ( Foley v. Interactive Data Corp., supra, 47 Cal.3d 654, 684, quoting Summers, The General Duty of Good Faith - Its Recognition and Conceptualization (1982) 67 Cornell L.Rev. 810, 812.) It does not impose any affirmative duty of moderation in the enforcement of legal rights. The equitable doctrines of estoppel or waiver may, of course, bar unfair tactics in the enforcement of agreements, but appellants have not raised any such equitable defenses.

*Id.* at 479.

Finding that Everhome has failed to carry its burden of showing that Plaintiff cannot prove any set of facts in support of the claim that would entitle her to relief, the court will deny Everhome's motion to dismiss as to the fifth cause of action.

**F.     Sixth Cause of Action**

In her sixth cause of action, Plaintiff seeks to quiet title against the following claims of defendants: any title to the Subject Property by virtue of the Trustee's Deed Upon Sale." Plaintiff claims that Defendants' claims are without any right, and that Defendants have no right title, estate, lien, or interest in the property. Plaintiff seeks a judicial declaration quieting title in Plaintiff as of July 26, 2010.

Everhome argues in response that because no sale has occurred and no Trustee's Deed Upon Sale has been issued, the cause of action is premature. It further argues that the cause of action will also fail to state a claim for relief once the sale is held because Plaintiff has failed to pay the debt and is not entitled to the property. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.").

11

The court will grant Everhome's motion to dismiss as to this cause of action, and will dismiss it without prejudice.

**G.     Seventh Cause of Action**

In her seventh cause of action, Plaintiff asserts a claim for negligent infliction of emotional distress, asserting Defendants' conduct was undertaken with reckless disregard of the probability of causing emotional distress to Plaintiff.  Plaintiff claims that as a direct and proximate result of the actions of Defendants, she has suffered severe or extreme emotional distress, pain and suffering, and anxiety.

Everhome claims that this cause of action fails to state a claim for three reasons.  First, it claims that the cause of action is too conclusory to state a claim for relief and fails to meet the pleading requirements under Rule 8, Federal Rules of Civil Procedure.  Everhome argues that no conduct is described in the cause of action and the only conduct described in the earlier portions of the complaint incorporated by reference was expressly authorized by the Note or Deed, or by statute.

The court rejects Everhome's claim that the cause of action is too conclusory to state a claim for relief. By incorporating earlier portions of the complaint, Plaintiff has provided sufficient factual allegations to support the cause of action. Whether the conduct by Defendants described in the complaint was authorized is the very crux of this action and is yet undecided.

Second, Everhome claims that emotional distress is not recoverable as an element of a fraud or breach of contract claim.  Everhome cites *Kwan v. Mercedes-Benz of North America*, 23 Cal.App. 4th 174, 188 (1994), which held that "the general rule in California is that damages for mental suffering may not be recovered in an action for breach of an ordinary commercial contract." Everhome further cites *Kruse v. Bank of Am.*, 202 Cal.App.3d 38, 67-68 (1988), in which the court held that emotional distress is not recoverable as an element of damages for fraud.

Third, Everhome argues that its conduct was privileged, arguing that under *Kruse,* "[a] party is not subject to liability for infliction of emotional distress when it has merely pursued its own economic interests and properly asserted its legal rights." *Id*.

The court will grant Everhome's motion to dismiss as to the seventh cause of action with prejudice to the extent it is based on fraud or breach of contract, or to the extent Everhome engaged

12

in privileged conduct. The seventh cause of action is dismissed without prejudice to Plaintiff's right to amend her complaint to specify other bases for this cause of action.

## V.  CONCLUSION

Based on the foregoing, **IT IS THEREBY ORDERED** that Everhome's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) Plaintiff's first cause of action based on the violation of the declaration requirement under Section 2923.5 is dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's claims based on Civil Code Sections 2923.52, 2923.54, and 2924(b) are dismissed without prejudice;

2) Plaintiff's second cause of action is dismissed as barred by the statute of limitations. The dismissal is without prejudice as to the claim for damages;

3) Plaintiff's third cause of action is dismissed without prejudice for failure to state a claim upon which relief can be granted;

4) Plaintiff's fourth cause of action is dismissed without prejudice for failure to state a claim upon which relief can be granted;

5) Everhome's motion to dismiss is denied as to the fifth cause of action;

6) Plaintiff's sixth cause of action is dismissed without prejudice for failure to state a claim upon which relief can be granted;

7) Plaintiff's seventh cause of action is seventh cause of action with prejudice for failure to state a claim on which relief can be granted to the extent it is based on fraud or breach of contract, and to the extent it is based on privileged conduct. The seventh cause of action is dismissed without prejudice to Plaintiff's right to amend her complaint to specify other bases for this cause of action.

8) Plaintiff is granted thirty (30) days from the date of service of this order within which to file an amended complaint, remedying the defects in her original complaint explained above. Such an amended complaint should be clearly labeled "First Amended Complaint," and must have the docket number of this case on the title page. Plaintiff's failure to timely file a first

amended complaint in compliance with this order may result in the dismissal of this entire action.

Dated: February 11, 2011

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SHELLY WIENKE,<br><br>            Plaintiff,<br><br>v.<br><br>EVERHOME MORTGAGE COMPANY, et al,<br><br>            Defendants.                                    / | No. C 10-05943 NJV<br><br>**CERTIFICATE OF SERVICE** |

   I, the undersigned, hereby certify that on February 11, 2011, I served a true and correct copy of the Order Re Defendant Everhome's Motion to Dismiss (Docket No. 14), by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail..

Shelley Wienke
P.O. Box 320622
San Francisco, CA 94132

Dated: February 11, 2011

                              *Linn Van Meter*
                              Linn Van Meter
                              Administrative Law Clerk to the
                              Honorable Nandor J. Vadas

15